UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL ACTION NO. 1:10-CR-00006-TBR-2

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.

JUDY YOUNG                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Judy Young, has filed a Motion to Recalculate Debt Owed and Reestablish Payment Plan. (Docket No. 61.) Young requests the Court to amend its judgment by vacating the $100,650.30 restitution ordered and reduce that obligation to $43,776.30. Young also requests the Court to reduce her quarterly restitution payment. The United States has filed a response. (Docket No. 63.) For the following reasons, Defendant's motion is GRANTED IN PART, and DENIED IN PART.

BACKGROUND

Defendant Young was indicted for fraudulently securing social security benefits in violation of 42 U.S.C. § 1383a(a)(3). Young entered into a plea agreement on January 3, 2011, in which she agreed that she and her husband, Bradie Young, lived together between 1999 and 2007 in contradiction of statements made to the Social Security Administration (SSA). (Docket No. 49.) Young admitted that she made false statements to the SSA in order to receive benefits she was not entitled to, which resulted in a combined overpayment of $100,650.30. *Id.* Bradie Young died on August 2, 2010, and the case against Mr. Young was ultimately dismissed on February 23, 2010. The Court sentenced Judy Young on May 2, 2011, ordering her to pay $100,650.30 in restitution to the SSA in quarterly installments of not less than $25.00. (Docket

No. 55.) The SSA is currently offsetting Young's entire monthly benefit of $469.00 based on her fraud conviction.

In her motion, Young states that she is responsible for approximately $43,776.30 of the total restitution owed and that her deceased husband was responsible for the remaining $56,874. Young further states that she is 63 years old and will not receive social security benefits for roughly 18 years because "all her [social security] benefits are being applied to the restitution amount leaving her with very little money to survive on." (Docket No. 61.) The United States opposes Young's motion to modify the amount of restitution owed. (Docket No. 63.) The United States argues that the Court is without jurisdiction to amend the judgment and that the SSA is authorized to recoup Young's entire monthly benefit, but that Young may be entitled to a lower periodic restitution payment if the Court finds there has been a material change in economic circumstances as required by 18 U.S.C. § 3664(k). The United States takes notice of a material change in Young's economic circumstances and suggests that, despite having offered no evidence of her present economic circumstances, the Court may infer a material change based on the loss of her monthly social security benefits.

## ANALYSIS

A sentence that imposes an order of restitution is a final judgment, which under 18 U.S.C. § 3664(o), may only be altered in the following ways:

> (1) such a sentence can subsequently be –
>   (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 2742 . . . of this title;
>   (B) appealed and modified under section 3742;
>   (C) amended under subsection (d)(5);
>   (D) adjusted under section 3664(k), 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3563 or 3614.

Because none of the enumerated exceptions apply to Young, she is barred from seeking a modification of her sentence and the amount of restitution ordered; however, the Court may, under 18 U.S.C. § 3664(k), modify her payment plan based on a material change in economic circumstances.

I.   Modification of the Amount of Restitution Ordered

None of the enumerated exceptions under § 3664(o) apply to warrant modification of the amount of restitution ordered.  First, Rule 35 of the Federal Rules of Criminal Procedure (FRCRP) requires that a motion to "correct a sentence that resulted from arithmetical, technical, or other clear error" be made within fourteen days of sentencing.  Because Young did not file a Rule 35 motion within fourteen days of sentencing, she is thus time barred from such relief.  Second, Young waived her right to appeal under § 3742 in her plea agreement and did not file a notice of appeal within 30 days following her judgment.  Third, § 3664(d)(5)'s primary purpose is to protect victims not defendants. *See Dolan v. United States*, 130 S. Ct. 2533, 2539 (2010) (recognizing that § 2664(d)(5) "seeks primarily to assure that victims of a crime receive full restitution.").  Subsection (d)(5), read together with FRCRP 32(c), does protect a defendant's right to due process by requiring that a defendant be given an opportunity to object within 90 days after sentencing to the amount of restitution ordered.  *United States v. Vandeberg*, 201 F.3d 805, 813-14 (6th Cir. 2000).  Thus, because Young did not object to the amount of restitution ordered within 90 days after sentencing, § 3664(d)(5) is not applicable to modify her restitution sentence here.

Further, neither §§ 3664(k), 3572, nor 3613A permit the Court to alter the amount of restitution ordered.  Section 3664(k) permits modification of a payment schedule upon notice of a change in the defendant's economic circumstances, but does not permit the Court to remit

3

restitution. Section 3572 merely provides guidance on imposing a sentence of fine. Section 3613A provides various actions, including modification of the payment schedule, which a court may take in the event of default by the defendant, but does not permit modification of the amount of restitution ordered. Finally, neither §§ 3565 nor 3614 provide authority to remit the amount of restitution ordered. Section 3565 provides guidance on revocation, whereas § 3614 permits resentencing only where a defendant knowingly fails to pay a delinquent restitution. Section 3614 does not speak of modifying or remitting the amount of restitution ordered on the basis of a defendant's indigence. Therefore, none of the enumerated exceptions under 18 U.S.C. § 3664(o) provide Young the relief she seeks as to a recalculation of the total amount of restitution ordered, and her motion to vacate the $100,650.33 restitution amount ordered and reduce her restitution obligation to $47,776.33 must be denied.

  II. <u>The SSA's Withholding of Defendant's Monthly Social Security Benefit</u>

The Social Security Act authorizes the SSA to recoup overpayments as prescribed by regulation. 42 U.S.C. § 404(a)(1). Regulations promulgated pursuant to that statute provide that the SSA may withhold monthly benefits as an offset in order to recoup an overpayment. 20 C.F.R. § 404.502(a). Subsection 404.502(c)(1) provides that the offset amount may be adjusted to avoid financial hardship; however, subsection (c)(2) precludes adjustment "if the overpayment was caused by the individual's intentional false statement or representation, or willful concealment of, or deliberate failure to furnish, material information." *Id.* § 404.502(c)(1)-(2). Thus, the applicable statute and regulations authorize the SSA to recoup overpayments from Young by withholding her social security benefits. Young provides no authority to suggest that the SSA's recoupment power is limited to this Court's restitution order in Young's criminal case, and nothing in the Court's restitution order purported to limit other

statutory or regulatory means of recouping losses caused by the defendant's wrongful acts. Therefore, the Court lacks jurisdiction to prevent the SSA from recouping Young's entire monthly benefit.

### III. Modification of Young's Payment Plan

Although the Court cannot reduce Young's restitution judgment nor prevent the SSA from withholding her social security benefits, under 18 U.S.C. § 3664(k), the Court can modify Young's payment plan upon finding a material change in her economic circumstances. Young, a 63-year old widow, states that she "has been placed in a tough financial situation . . . and it is very difficult to survive on the limited amount of money she is receiving." (Docket No. 61, at 2.) Furthermore, the United States recognizes Young's motion as a material change in her economic circumstances for purposes of § 3664(k). (Docket No. 63, at 8-9.) Accordingly, the Court can reasonably infer such a material change based on the SSA's withholding of Young's entire monthly benefit. *See United States v. Brown*, 2012 WL 75105 (W.D. Pa. 2012) (finding that the SSA's withholding of 100% of a defendant's social security benefit constituted a material change sufficient to warrant modification of a restitution payment plan). The Court therefore finds that an adjustment in Young's restitution payment plan may be appropriate in light of § 3664(k) and the circumstances of this case.

### CONCLUSION

Defendant, Judy Young, has filed a Motion to Recalculate Debt Owed and Reestablish Payment Plan. The United States has responded.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Defendant's Motion to Recalculate Debt Owed is **DENIED**; the Defendant's Motion to Reestablish Payment Plan is **GRANTED**.

**IT IS FURTHER ORDERED** that United States Probation shall review the Defendant's financial records and make a recommendation to the Court in the form of a "Restitution Payment Plan Agreement for Judy Young," which shall be submitted to the United States Financial Litigation Unit contemporaneously with it being submitted to the Court.